## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

ANTHONY D. WRIGHT,

      Plaintiff,

v.                                  CIVIL ACTION NO. 2:24-cv-00474

G. RUSSELL ROLLYSON *in his official capacity as*
*Deputy Commissioner of Delinquent and Non-entered Lands* and
21 WVC, LLC, f/k/a WV COUNTY TAX
CERT PURCHASES 2021, LLC

      Defendants.


### MEMORANDUM OPINION AND ORDER

      Pending is Defendant 21 WVC, LLC's ("WVC") Motion [for] Attorney's Fees [ECF 44], filed March 21, 2025. Plaintiff Anthony D. Wright responded in opposition [ECF 46] on April 3, 2025. WVC did not file a reply. The matter is ready for adjudication.

### I.

      On September 3, 2024, Anthony D. Wright instituted this action against WVC and Deputy Commissioner Rollyson ("Rollyson"), in his official capacity, alleging violations of Mr. Wright's civil rights under 42 U.S.C. § 1983. [ECF 1]. He pled three claims against WVC and Rollyson, in his official capacity.[1] Count I asserted a Fifth Amendment claim for a putative unconstitutional taking of Mr. Wright's property without just compensation. [*Id.* at ¶¶ 68–71].

---

[1] As the Court addressed in its March 17, 2025, Memorandum Opinion and Order, [ECF 42], the January 15, 2025, Stipulation of Voluntary Dismissal of Plaintiff's Substantive Due Process and Equal Protection Claims pursuant to *Federal Rule of Civil Procedure* 41(a)(1)(A)(ii) [ECF 23] acts as a functioning Rule 41 stipulation of dismissal.

Count II alleged Eighth and Fourteenth Amendment violations for an excessive fine. [*Id.* at ¶¶ 72–76]. Count III alleged failure to provide proper, meaningful notice prior to issuing a tax deed to WVC, resulting in an unconstitutional property deprivation in violation of the Fourteenth Amendment. [*Id.* at ¶¶ 77– 82].

WVC and Rollyson moved to dismiss. [ECF 8, 12]. On March 17, 2025, the Court granted in part Rollyson and WVC's Rule 12(b)(6) motions to dismiss, finding that Counts I through III of the Complaint failed to state a claim upon which relief could be granted. [ECF 42].

WVC now seeks an award of attorney fees pursuant to 42 U.S.C. § 1988. [ECF 44 at 1]. It seeks a total of $10,855.00, noting it has incurred "38.2 hours + (3) hours in making the certification, motion, and reasonableness of fees argument) at $275/hour," and "(3.5) hours of paralegal time at $100/hour." [*Id.*]. In support of its motion, WVC individually addresses each of Mr. Wright's claims to demonstrate that they are frivolous, unreasonable, or without foundation, as defined by § 1988. First, WVC asserts that pursuing or maintaining the action was unreasonable given the availability of a remedy under *West Virginia Code* section 11A-3-65. [ECF 45 at 2]. Second, it contends Mr. Wright knew or should have known West Virginia's tax recoupment regime is not punitive, as "punitive regimes do not afford the possibility of a windfall to the Plaintiff." [*Id.* at 3]. Finally, it claims Mr. Wright admitted to receiving notice of the tax delinquency but misunderstood it inasmuch as the property was identified by its legal description—a misunderstanding that could have been avoided via investigation prior to initiating legal proceedings. [*Id.*].

Mr. Wright responds in opposition, asserting that WVC has failed to make "the necessary evidentiary showing" to justify an award under § 1988. [ECF 46 at 1]. He contends WVC has not shown that the claims were "inarguably meritless under controlling legal authority."

2

[*Id.* at 9]. Particularly, he asserts that WVC does not argue the factual allegations in the Complaint were "untrue, baseless, fanciful, or delusional." [*Id.* at 3]. Mr. Wright claims that the only standard the Court need consider is whether the allegations lacked an arguable basis in law and contends that, under this standard, the Court cannot grant attorney fees, as precedent specifies the "inarguably meritless legal claim" standard may not be met when the rejected claims present new or novel legal issues of first impression. [*Id.* at 4]. In the alternative, Mr. Wright asserts that even if the Court grants attorney fees, the "9.1 hours" reflected in the time records provided by WVC's counsel pertain to an "eviction action" separate from the § 1983 claim and should not be included in the fee calculation. [*Id.* at 9–10].

## II.

The "American Rule" generally requires each party to bear his own litigation expenses, including attorney's fees, regardless of whether he wins or loses. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 249 (1975) ("the general practice of the United States is in opposition to [granting attorney's fees]; and even if that practice were not strictly correct in principle, it is entitled to the respect of the court, till it is changed, or modified, by statute" (internal citation omitted)); *see also In re Crescent City Ests., LLC*, 588 F.3d 822, 825 (4th Cir. 2009). Congress has authorized courts to "deviate from this background rule in certain types of cases by shifting fees from one party to another." *Fox v. Vice*, 563 U.S. 826, 832 (2011); *E.E.O.C. v. Great Steaks, Ins*. 667 F.3d 510, 516 (4th Cir. 2012) (noting that this provision applies to prevailing defendants as well as to prevailing plaintiffs).

The High Court found that in enacting § 1988, Congress sought "to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 420 (1978); *Great Steaks, Ins.*, 667 F.3d

at 517. Accordingly, when the prevailing party in a § 1983 action is the defendant, § 1988 authorizes a district court to award attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (noting that the fact that a plaintiff does not prevail does not automatically render the action frivolous); *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999). A court assesses whether a complaint is frivolous or malicious by evaluating whether it presents an "indisputably meritless legal theory," or the factual allegations are "clearly baseless," such as "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–328 (1989); *Hall v. United States*, 44 F.4th 218, 222 (4th Cir. 2022).

### III.

WVC is a "prevailing defendant" based upon the Court's dismissal of the claim against it. [ECF 42]. Thus, WVC can recover attorney's fees from Mr. Wright if it establishes he continued to litigate after it became apparent that the lawsuit was frivolous, unreasonable, or without foundation. WVC contends that Mr. Wright's claims lacked legal merit from the outset. In support, WVC asserts that while "a complaint can raise a novel issue of law . . . that was not the case here." [ECF 45 at 2]. Rather, it asserts that Mr. Wright's claim is frivolous, unreasonable, or without foundation because his reliance on *Tyler v. Hennepin County,* 598 U.S. 631 (2023), to challenge West Virginia's tax deed process was expressly rejected by the Court and that Mr. Wright did not meaningfully "challenge *Tyler*," but instead "misread it." [*Id.*]. The Court disagrees.

Although the case was dismissed in WVC's favor, Mr. Wright's claims presented colorable constitutional issues, including allegations of a taking without just compensation and a violation of the Excessive Fines Clause. Mr. Wright did not prevail, but his claims were not

patently meritless. They required substantial analysis by the Court. Fee awards to prevailing defendants are intended to prevent abuse of the judicial process, not to penalize plaintiffs for losing cases that present unsettled legal issues.

The claim presented novel legal questions concerning the extent to which the High Court's recent decision in *Tyler v. Hennepin County* impacts the constitutionality of West Virginia's lien and tax deed system. It is well settled even claims with a low likelihood of success may be nonfrivolous where they present novel questions of law. It is precisely in civil rights litigation that plaintiffs are encouraged to test the boundaries of constitutional protections. Fee-shifting provisions such as § 1988 are not intended to chill such efforts through the threat of sanctions for mere lack of success.

Although Mr. Wright should have conducted a more thorough review of the applicable law and the tax delinquency notice he received, the Court does not find his claim to be so lacking in merit as to deem the complaint frivolous, unreasonable, or without foundation. Accordingly, WVC is not entitled to an award of attorney fees under 42 U.S.C. § 1988.

**IV.**

Based upon the foregoing discussion, WVC's Motion for Attorney's Fees [**ECF 44**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party

ENTER:        April 21, 2025

Frank W. Volk
Chief United States District Judge